**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Robert Allen, | No. CV-23-00031-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| FMR LLC, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) and Complaint (Doc. 1). For the following reasons, the Court will grant Plaintiff's Application to Proceed In Forma Pauperis and exercise its authority pursuant to 28 U.S.C. § 1915(e)(2) to dismiss Plaintiff's Complaint with leave to amend.

**I.    Application to Proceed In Forma Pauperis**

The Application states that Plaintiff has very little monthly income and that this income is vastly outweighed by his expenses. (Doc. 2) Because the Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee, the Court will grant Plaintiff's IFP application and screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**II.   Screening IFP Complaints Pursuant to 28 U.S.C. § 1915(e)(2)**

**A.  Legal Standard**

When a party seeks to proceed without paying fees or costs, as Plaintiff does here, a district court is required to "dismiss the case at any time if the court determines" that the

"allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that § 1915(e) applies to all IFP complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez, 203 F.3d at 1127.

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. Neitzke v. Williams, 490 U.S. 319, 327-30 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 328.

In addition to being nonfrivolous, a pleading must contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B. Analysis**

The Court finds that Plaintiff's Complaint is frivolous and fails to state a plausible claim.

<u>The Complaint is Frivolous</u>

The Complaint is frivolous and must be dismissed because it is centered around a fantastical and conspiratorial factual scenario. See <u>Neitzke</u>, 490 U.S. at 327-30. The Complaint, which lists 806 Defendants and seeks $999,999,999,999.99 in damages, is centered around allegations that various Defendants have been operating a "long running scheme" involving various transfers of large sums of money in and out of his Fidelity investment account. The allegations involve conspiracy and bribery relating to every major U.S. bank and phone provider, and state, local, and federal officials, including all members of the Securities and Exchange Commission. Plaintiff alleges that the federal or Arizona state governments have been "acting to make it impossible for someone locate me." (Doc. 1 at 9). Plaintiff also claims that unspecified powerful and famous individuals have been "impersonating," "gangstalking," and "clon[ing]" him.

Because the facts alleged are fantastical and clearly baseless, the Court must dismiss Plaintiff's complaint. See <u>Denton</u>, 504 U.S. at 32-33.

<u>The Complaint Fails to State a Plausible Claim</u>

Further, despite the many statutes that Plaintiff bring claims under, the Complaint fails to state a claim under which relief may be granted. The Complaint purports to bring a cause of action under 18 U.S.C. § 641, 18 U.S.C. § 471, 18 U.S.C. § 1028, 18 U.S.C. § 1348, and 18 U.S.C. § 1349. (Doc. 1 at 8). However, these are criminal statutes and do not create any private right of action.

The Complaint also requests relief for breach of fiduciary duty under 15 U.S.C. § 80a-35. (<u>Id.</u>) This statute only creates a private right of action for officers, directors, investment advisers, principal underwriters, or depositors of a registered investment company. 15 U.S.C. § 80a-35(a). Because Plaintiff has not alleged that he has any of these roles with a registered investment company, he may not bring a claim under this statute.

Plaintiff also bring a claim under 41 U.S.C. § 6503. (<u>Id.</u>) However, this statute pertains to situations where a party breaches a contract it made with the United States under 41 U.S.C. § 6502, "for the manufacture or furnishing of materials, supplies, articles, or

equipment, in an mount exceeding $10,000 . . . ." The statute provides the United States with remedies for when such a contract is breached by a nongovernmental entity or individual. As such, the statute does not provide Plaintiff with a cause of action to sue Defendants.

On its cover page, the Complaint lists 29 U.S.C. § 1109. (Doc. 1 at 1). This statute creates liability for fiduciaries under the Employee Retirement Income Security Act (ERISA). The Complaint, however, makes no mention of ERISA and the Court is unable to see how this statute relates to Plaintiff's allegations. The cover page also lists 15 U.S.C. § 780, which allows anyone affected by an order, rule, or regulation issued by the Administrator of the Federal Energy Administration to petition the Administrator for redress. Again, the Court is unable to draw a connection between the facts alleged and this statute.

The Complaint alleges violations of 42 U.S.C. § 423, without offering any further detail. (Id.) However, this statute, which delineates social security eligibility and payments, does not provide a cause of action or otherwise appear to have any relation to Plaintiff's factual allegations. Similarly, Plaintiff alleges a violation of 31 U.S.C. § 5311, which does not create a cause of action. (Id.)

The Complaint alleges a violation of the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78DD-1, et seq. However, Plaintiff fails to explain how his factual allegations bear any relation to this Act. The Complaint does not reference any foreign official or political party.

In sum, Plaintiff has failed to show that he is entitled to relief under any of the statutes that he has brought claims under.

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Application to Proceed In Forma Pauperis. (Doc. 2).

**IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's Complaint (Doc. 1) as frivolous and for failure to state a plausible claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint on or before February 7, 2023. Failure to file an amended complaint shall result in immediate dismissal of this action.

Dated this 10th day of January, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge